IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of WILLIAM C. FRITZSCHE; and WILLIAM C. FRITZSCHE, d.b.a. ADVANTAGE BUILDING & CONSULTING, Pro Se,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LEXON SURETY GROUP,<br><br>　　　　　Defendant. | CASE NO. 8:13CV146<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion to Dismiss (Filing No. 10). Defendant Lexon Surety Group ("Lexon") moves to dismiss the Plaintiff's[1] Complaint under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, asserting that the claims are untimely.

## FACTUAL AND PROCEDURAL HISTORY

The following facts, taken from the Plaintiff's Complaint (Filing No. 1), are accepted as true for purposes of the pending Motion.

On or about February 2, 2010, Tierra Dynamic, LLC, an Arizona corporation ("Tierra"), entered into a contract with the United States Department of the Navy to repair one of the Navy's facilities in Omaha, Nebraska (the "project"). William C. Fritzsche, d/b/a Advantage Building & Consulting ("Fritzsche"), a sole proprietor with his principal place of business in Omaha, was engaged by Tierra to furnish certain contractor quality control services and equipment for the project. Lexon issued a surety bond, pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq*., to guarantee payment by Tierra to all persons supplying

---

[1] Although the caption refers to Plaintiffs in the plural, there appears to be a single Plaintiff, William C. Fritzsche, doing business as Advantage Building & Consulting, and the Court will refer to the Plaintiff in the singular.

labor and materials in fulfillment of the project. The reasonable value of labor and materials provided by Fritzsche in connection with the project was $16,639.37, and Fritzsche billed Tierra on February 25, 2012, noting that the quality control services were provided "9/20/2011 to 10/29/11" and "11/1/2011 to 2/21/2012." (Invoice attached to Compl., Filing No. 1 at 5.)

Tierra acknowledged the validity of Fritzsche's claim, but filed for bankruptcy and failed to pay the invoiced amount. Fritzsche filed a claim with Lexon under the surety bond on or about March 15, 2013, but Lexon denied payment.

Fritzsche brought this action, pro se, presenting two claims. The first claim seeks payment of the invoiced amount through the surety bond, pursuant to the Miller Act. The second claim seeks punitive damages, costs and attorney fees.

Lexon seeks to dismiss both claims, contending that claims against a surety under the Miller Act must be brought "'no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.'" (Def.'s Br., Filing No. 11 at 4 (quoting 40 U.S.C. § 3133(b)(4)).) Lexon further contends that the Miller Act does not permit a subcontractor to collect punitive damages, costs or attorney fees from a general contractor's surety.

In response to Lexon's Motion to Dismiss, Fritzsche states that he did not proceed earlier with his claim against Lexon, because he thought he was barred from pursuing any collection pending the stay issued by the bankruptcy court, which he notes is still in effect. (Pl.'s Br., Filing No. 13 at 2.) He argues that he should have 30 days from the date the bankruptcy stay expires to pursue his claim, because the statute of limitations expired while a bankruptcy stay was in force. (*Id*. (citing 11 U.S.C. § 108(c)).)

Lexon argues that an automatic stay issued by a bankruptcy court does not apply

2

to actions against third parties, like Lexon, and the extension of limitations provided through 11 U.S.C. § 108(c) is inapplicable. Finally, Lexon argues that if the automatic stay *did* apply to Fritzsche's action against Lexon, and § 108 *is* applicable, then Fritzsche's action is premature, because the stay is still in force.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "'Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'"

3

*Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Parhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009)).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Miller Act, at 40 U.S.C. § 3133(b)(1) provides:

Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

"An action brought under [40 U.S.C. § 3133(b)] must be brought no later than one

4

year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." *Id.* § 3133(b)(4).

The Miller Act creates a federal cause of action "'separate and distinct from state law breach of contract actions.'" *U.S. for use of Lighting & Power Servs., Inc. v. Interface Constr. Corp.*, 553 F.3d 1150, 1153 (8th Cir. 2009) (quoting *United States ex rel. Consol. Elec. & Mechs., Inc. v. Biggs Gen. Contracting, Inc.*, 167 F.3d 432, 435 (8th Cir.1999)). "As subcontractors may not place liens on government property, the Miller Act bond ensures full recovery of a subcontractor's out-of-pocket expenditures for labor and materials, regardless of the general contractor's fault." *Id*. at n.2.  A bond obligee can assert its Miller Act claim against the bond issuer or "surety" without joining the contractor or "bond obligor." *Id*. at 1154-55.

Fritzsche offers no reason for his failure to bring his action against Lexon within the one-year limitations period, other than his concern that the commencement of the action might violate the bankruptcy court's notice to "cease all collection efforts against Tierra Dynamic." (Compl., Filing No. 1 at ¶ 17.) Fritzsche acknowledges that he later "discovered the ability to collect from the Payment Bond from Lenox [sic] should not be precluded by the Bankruptcy," (*id*. at ¶ 21), and he commenced this action despite the fact that the "Bankruptcy Court still has that stay in effect."  (Pl.'s Br., Filing No. 13 at 2.)

Fritzsche's reliance on 11 U.S.C. § 108(c), for tolling of the one-year statute of limitations, is misplaced.  That subsection provides for the tolling of statutes of limitations with respect to actions against debtors in bankruptcy, or co-debtors liable on consumer debt.  Under that subsection, if a statute of limitations for such a claim expires during a bankruptcy stay, creditors may proceed to collect an undischarged debt by commencing the action within 30 days after notice of the termination or expiration of the stay.  The

5

subsection does not provide for the tolling of statutes of limitations with respect to actions against third party guarantors of non-consumer debt.

Fritzsche has not responded to Lexon's arguments that the Miller Act does not allow a subcontractor to collect punitive damage, costs, or attorney fees from a surety, and the Court considers that claim to be abandoned. Even if the claim had merit and were not abandoned, it also would be barred by the applicable statute of limitations.

Lexon's Motion to Dismiss will be granted and Fritzsche's Complaint will be dismissed. Because Fritzsche has proceeded pro se, and advice of legal counsel may reveal some avenue of relief not presented in the Complaint, the Court will dismiss the action without prejudice.

IT IS ORDERED:

1. Defendant Lexon Surety Group's Motion to Dismiss (Filing No. 10) is granted;

2. Plaintiffs' Complaint is dismissed, without prejudice; and

3. A separate Judgment will be entered.

DATED this 25th day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge